CT Corporation

**Service of Process Transmittal**
12/31/2015
CT Log Number 528401715

TO:   Frederick C Wolsky
      Foster Wheeler Inc.
      53 Frontage Road, Perryville Corporate Park
      Hampton, NJ 08827-9000

RE:   **Process Served in Ohio**

FOR:  Foster Wheeler Energy Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Harold Brucker and Christine Brucker, Pltfs. vs. CBS Corporation, et al., Dfts. // To: Foster Wheeler Energy Corporation, etc. |
| **DOCUMENT(S) SERVED:** | Summons, Attachment, Complaint |
| **COURT/AGENCY:** | Lucas County Court of Common Pleas, OH<br>Case # G4801CI0201505074000 |
| **NATURE OF ACTION:** | Asbestos Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cleveland, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 12/31/2015 postmarked on 12/28/2015 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Christopher J. Hickey<br>McDermott & Hickey, LLC<br>20525 Center Ridge Road, Suite 200<br>Rocky River, OH 44116<br>216-712-7452 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/31/2015, Expected Purge Date: 01/30/2016<br><br>Image SOP<br><br>Email Notification,  Colleen Zanon  Colleen_Zanon@fwc.com<br><br>Email Notification,  Tracy Whetzel  tracy_whetzel@fwc.com<br><br>Email Notification,  Frederick C Wolsky  Fred_Wolsky@fwc.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1300 East 9th Street<br>Suite 1010<br>Cleveland, OH 44114<br>216-802-2121 |

Page 1 of  1 / SW

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT A**



U.S. POSTAGE » PITNEY BOWES

$ 007.17⁵

ZIP 43604
02 1W
0001382836 DEC. 28. 2015

CERTIFIED MAIL™

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7014 1200 0001 3777 3515

J. BERNIE QUILTER
LUCAS COUNTY CLERK OF COURT
LUCAS COUNTY COURTHOUSE
700 ADAMS STREET
TOLEDO, OHIO 43604

RETURN RECEIPT REQUESTED

ENVELOPE CONTAINS IMPORTANT LEGAL MATTER

## LUCAS COUNTY COMMON PLEAS COURT
### CORNER ADAMS & ERIE STREETS
### TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION
**FILING TYPE:**                    **PRODUCT LIABILITY**

FOSTER WHEELER ENERGY CORPORATION          G-4801-CI-0201505074-000
C/O CT CORPORATION SYSTEM                  JUDGE: DEAN MANDROS
1300 EAST NINTH STREET STE 1010
CLEVELAND, OH 44114

You have the right to seek legal counsel. If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio. If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below. A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service or to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer. Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

PLAINTIFF (S)                              ATTORNEY FOR PLAINTIFF(S)
HAROLD BRUCKER                             CHRISTOPHER J HICKEY
845 ROGERS STREET                          MCDERMOTT & HICKEY LLC
TOLEDO, OH 43605                           20525 CENTER RIDGE ROAD SUITE 200
                                           ROCKY RIVER, OH 44116

                                           BERNIE QUILTER
                                           CLERK OF COURTS

Date: December 28, 2015

                                           _J. Bernie Quilter_____ , Clerk

G-4801-CI-0201505074-000    FOSTER WHEELER ENERGY CORPORATION  Generated: December 28, 2015



## IF YOU DO <u>NOT</u> HIRE AN ATTORNEY
### PLEASE READ & RESPOND
(mark <u>one</u> & respond)

⬜ I request to be notified by <u>email</u>

My email address _____

**OR**

⬜ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

Send email to: Lwatt@co.lucas.oh.us
Subject:       G-4801-CI-0201505074-000
               FOSTER WHEELER
ENERGY CORPORATION
Message:       Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH  43604

### If you do NOT hire an attorney & fail to respond
### you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0201505074-000    FOSTER WHEELER ENERGY CORPORATION  Generated: December 28, 2015

FILED
LUCAS COUNTY

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

2015 DEC 10  A 11: 40

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

HAROLD BRUCKER
845 ROGERS STREET
TOLEDO OH 43605,

CHRISTINE BRUCKER
845 ROGERS STREET
TOLEDO OH 43605,

    Plaintiffs,

vs.

CBS CORPORATION (A Delaware
Corporation) f/k/a VIACOM, INC. (sued as
successor-by-merger to CBS CORPORATION
(a Pennsylvania Corporation) f/k/a
WESTINGHOUSE ELECTRIC
CORPORATION) and also as successor-in-
interest to BF STURTEVANT)
CSC-Lawyers Incorporating Service
50 W. Broad Street, Suite 1800
Columbus, OH 43215,

CLA-VAL CO.
c/o Corporation System
111 Eighth Avenue
New York, NY 10011,

CLARK INDUSTRIAL INSULATION CO.
c/o HL Statutory Agent Inc.
200 Public Square, Suite 2800
Cleveland, OH 44114,

CRANE ENVIRONMENTAL INC.
(Sued Individually and as Successor-In-Interest
Cochrane Corporation)
2600 Eisenhower Avenue
Trooper, PA 19403-2315,

CRANE CO.
c/o C T Corporation System
1300 East Ninth Street, Suite 1010
Cleveland, OH 44114,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.

JUDGE:

**C O M P L A I N T**
(Jury Trial Demanded)

G-4801-CI-0201505074-000
Judge
DEAN P. MANDROS

DELAVAL INC.                                        )
c/o C T Corporation System                          )
1300 East Ninth Street, Suite 1010                  )
Cleveland, OH 44114,                                )
                                                    )
FOSTER WHEELER                                      )
ENERGY CORPORATION                                  )
A Delaware corporation                              )
c/o U S Company, Statutory Agent                    )
50 west broad street, Suite 1800                    )
Columbus, OH  43215,                                )
                                                    )
GENERAL ELECTRIC COMPANY                            )
CT Corporation System                               )
1300 East Ninth Street, Suite 1010                  )
Cleveland, OH 44114,                                )
                                                    )
IMO INDUSTRIES INC.                                 )
CT Corporation System                               )
1300 East Ninth Street, Suite 1010                  )
Cleveland, OH 44114,                                )
                                                    )
INGERSOLL-RAND COMPANY                              )
CT Corporation System                               )
1300 East Ninth Street, Suite 1010                  )
Cleveland, OH 44114,                                )
                                                    )
RED SEAL ELECTRIC COMPANY                           )
c/o S.J. Stryffeler                                 )
3835 West 150th Street                              )
Cleveland, OH  44111                                )
                                                    )
THE WILLIAM POWELL COMPANY                          )
D. R. Cowart                                        )
2503 Spring Grove Ave.                              )
Cincinnati, OH 45214,                               )
                                                    )
VIAD CORPORATION f/k/a The Dial                     )
Corporation (sued Individually and as               )
Successor-in-Interest to Griscom Russell            )
CT Corporation System                               )
1300 East Ninth Street, Suite 1010                  )
Cleveland, OH 44114,                                )
                                                    )
VELAN VALVE CORPORATION                             )
Corporation Service Company                         )
2711 Centerville Road, Suite 400                    )
Wilmington, DE 19808,                               )

**WEIR VALVES & CONTROLS USA, INC.**　　　)
f/k/a ATWOOD & MORRILL　　　　　　　　)
29 Old Right Road　　　　　　　　　　　　)
Ipswich, MA 01938-1119,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
**WARREN PUMPS LLC**　　　　　　　　　)
c/o The Corporation Trust Company　　　　　)
Corporation Trust Center　　　　　　　　　)
1209 Orange Street　　　　　　　　　　　　)
Wilmington, DE 19801,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
**JOHN DOES 1-10**　　　　　　　　　　　)
Manufacturers, Sellers, Suppliers　　　　　　)
or Installers of Asbestos-Containing Products　)
(Names & Addresses Unknown)　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

## FACTUAL BACKGROUND

1.　　　Harold Brucker is a citizen of the State of Ohio, who was diagnosed with mesothelioma on October 15, 2015. Harold Brucker was employed at various job sites in the States of Ohio and California at all times relevant and pertinent hereto.

2.　　　Plaintiffs, Harold Brucker and Christine Brucker, are husband and wife.

3.　　　Defendant corporations and companies or their predecessors-in-interest (hereinafter collectively, "Defendants") reside in this County, and/or maintain offices in this County, and/or have agents in this County, and/or have done and are doing business in this County.

4.　　　Defendants, at all times relevant and pertinent hereto, were or are miners, millers, manufacturers, fabricators, designers, formulators, creators, makers, processors, distributors, importers, converters, compounders, or merchants of asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

5.　　　Defendants, acting through their servants, employees, agents, and representatives, caused asbestos, asbestos-containing products and/or machinery requiring the use of asbestos

and/or asbestos-containing products be placed in the stream of commerce to which Plaintiff Harold Brucker was exposed during his employment.

6. Plaintiff Harold Brucker continuously worked with and was exposed to the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products mined, manufactured, processed, imported, converted, compounded or sold by Defendants.

7. During the course of his employment, Plaintiff Harold Brucker was exposed to Defendants' asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which exposure directly and proximately caused Plaintiff Harold Brucker to contract mesothelioma.

8. The real names and addresses of Defendants John Does 1-10 have not been determined despite reasonable efforts of the Plaintiffs to do so.

## COUNT I

9. Plaintiffs re-allege paragraphs 1 through 8 above as if fully rewritten herein.

10. Defendants negligently produced, sold or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which the Defendants knew or in the exercise of ordinary care, ought to have known, were deleterious and highly harmful to Plaintiff Harold Brucker's health.

11. As the designer, developer, manufacturer, distributor and seller of the above-described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, Defendants owed a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing and

selling said products in such a manner as to render them safe for their intended and foreseeable users.

12.     Defendants negligently gave inadequate warning or instruction during and after the time of marketing in that Defendants knew or in the exercise of reasonable care should have known about the risks associated with its products and failed to provide reasonable and/or adequate warning or instructions in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff Harold Brucker.

13.     Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has suffered and continues to suffer the injuries and damages as set forth herein.

## COUNT II

14.     Plaintiffs re-allege paragraphs 1 through 13 above as if fully rewritten herein.

15.     Although Defendants knew or in the exercise of ordinary care ought to have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Plaintiff Harold Brucker's health, Defendants nonetheless:

a)      Failed to advise or warn Plaintiff Harold Brucker of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

b)      Failed to provide Plaintiff Harold Brucker with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Plaintiff Harold Brucker from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

c)      Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Plaintiff Harold Brucker of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and

d)    Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

16.    Defendants' products were defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instructions in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Plaintiff Harold Brucker.

17.    Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and Plaintiff has suffered and continues to suffer the injuries and damages as set forth herein and Defendants are, therefore, liable, to Plaintiff in strict liability for its failure to warn at common law and pursuant to R.C. 2307.71 et seq.

## COUNT III

18.    Plaintiffs re-allege paragraphs 1 through 17 above as if fully rewritten herein.

19.    Defendants failed to design, manufacture, market, distribute and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses. By way of example and not limitation, Defendants:

a)    Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use or intended purpose of its products was by persons, specifically Plaintiff Harold Brucker, who worked with and around said products;

b)    Marketed and sold said products while the same was in an inherently and unreasonably dangerous and defective condition, presenting an ultra-hazardous risk to Plaintiff Harold Brucker's well being;

c)    Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Plaintiff Harold Brucker; and

d)    Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

20.    Defendants violated the requirements of §402(A) of the Restatement of Torts, 2d, as adopted by the Supreme Court of the State of Ohio, all of which proximately resulted in Plaintiff Harold Brucker's asbestos-related disease.

21.    Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein and Defendants are, therefore, liable, to Plaintiff Harold Brucker in strict liability for defective design and manufacture and/or marketing, distributing and selling a defective product at common law and pursuant to R.C. 2307.71 et seq.

## COUNT IV

22.    Plaintiffs re-allege paragraphs 1 through 21 above as if fully rewritten herein.

23.    Defendants impliedly warranted that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were of good and merchantable quality and fit for the ordinary purposes for which the products are used.

24.    Plaintiff Harold Brucker worked in close proximity to the asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products of the Defendants, and Plaintiff Harold Brucker's presence was known, or ought to have reasonably been anticipated by the Defendants.

25.    The implied warranty made by the Defendants that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing

products were of merchantable quality and fit for their particular intended use was breached in that certain harmful matter was given off into the atmosphere where Plaintiff Harold Brucker worked.

26.     Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein.

## COUNT V

27.     Plaintiffs re-allege paragraphs 1 through 26 above as if fully rewritten herein.

28.     Plaintiff Christine Brucker, Plaintiff Harold Brucker's wife, has suffered injuries in her own right, namely, the loss of consortium as a direct and proximate result of Defendants' acts and omissions for which Defendants are liable.

## COUNT VI

29.     Plaintiffs re-allege paragraphs 1 through 28 above as if fully rewritten herein.

30.     Defendants, since 1929 have possessed medical and scientific data which clearly indicates that asbestos fibers and asbestos-containing products are hazardous to one's health. Defendants, prompted by pecuniary motives, individually and collectively, ignored and intentionally failed to act upon said medical and scientific data and conspired with other asbestos containing manufacturers, miners, distributors and sellers to deprive the public, and particularly the users of their products, including Plaintiff Harold Brucker of said medical and scientific data, and therefore deprived Plaintiff of the opportunity of free choice as to whether or not to expose himself to Defendants' asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and further, Defendants willfully, intentionally and wantonly failed to warn Plaintiff Harold Brucker of the serious bodily harm which would result from the inhalation of the asbestos fibers and the dust from their products.

31.    Plaintiff Harold Brucker reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

32.    The award for this Count should be in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

33.    Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein.

<u>COUNT VII</u>

34.    Plaintiffs re-allege paragraphs 1 through 33 above as if fully rewritten herein.

35.    Defendants, and other asbestos manufacturers, distributors and sellers collectively and individually, manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied delivered, and promoted asbestos-containing products which were generically similar and fungible in nature and place such material into the stream of interstate commerce.

36.    Plaintiff Harold Brucker, thorough no fault of his own, may not be able to identify all of the manufacturers, marketers, sellers, distributors, or promoters of asbestos containing products to which he was exposed due to the generic similarity and fungible nature of such products as produced and promoted by Defendants.

37.    Defendants are liable to the Plaintiff Harold Brucker for the injuries and damages sustained by Plaintiff Harold Brucker, by virtue of industry-wide liability, enterprise liability.

38.    (a)    Alternatively, Defendants constitute a substantial share of the asbestos-containing product market where Plaintiff Harold Brucker worked and was exposed to asbestos.

(b)    Defendants manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied, delivered, and promoted asbestos-containing products of the kind and nature to which Plaintiff Harold Brucker was exposed during the period of his employment.

39.    Defendants are liable to Plaintiff Harold Brucker based upon its pro-rata market share within the market described herein.

40.    Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein.

## COUNT VIII

41.    Plaintiffs re-allege paragraphs 1 through 40 above as if fully rewritten herein.

42.    Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Plaintiff Harold Brucker and by engaging in such actions, Defendants acted with fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Plaintiff Harold Brucker.

43.    Plaintiff Harold Brucker, as a direct and proximate result of Defendants' conduct, has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein.

## COUNT IX

44.    Plaintiffs re-alleges paragraphs 1 through 43 above, as if fully rewritten herein.

45.    As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Harold Brucker incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined.

46.    As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Harold Brucker suffered lost wages, a progressive loss of earning capacity, and other economic damages during his lifetime.

47.    As a direct and proximate result of the acts and omissions of Defendants complained of herein, Plaintiff Harold Brucker has contracted mesothelioma and has suffered and continues to suffer the injuries and damages as set forth herein.

## COUNT X

48.    Plaintiffs re-allege paragraphs 1 through 47 above as if fully rewritten herein.

49.    Defendants were the supplier and seller of asbestos containing products manufactured by entities that have asserted insolvency.

50.    As prescribed by Ohio Revised Code Section 2307.78, Defendants as suppliers, sellers or distributors of asbestos containing products manufactured by an entity that has asserted insolvency, are liable to Plaintiff Harold Brucker based upon product liability claims under Ohio Revised Code Sections 2307.71 to 2307.77, as if they were the manufacturer of asbestos containing products.

WHEREFORE, Plaintiffs, as a direct and proximate result of the negligence and other conduct of each Defendant, have suffered and will continue to suffer great pain and severe mental anguish.

Plaintiffs, as a direct and proximate result of the negligence of other conduct of Defendant, have incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined, and will continue to incur such expenses into the future.

Plaintiffs, as a direct and proximate result of the negligence and other conditions of Defendants, have suffered economic damages and will continue to suffer them throughout their lifetimes.

The aforesaid acts and/or omissions of Defendants were wanton and willful and in reckless disregard of the safety of Plaintiffs.

Plaintiffs demand judgment against Defendants jointly and severally in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) and an amount for punitive damages, plus interest, costs and such further relief to which Plaintiffs may be entitled.

A trial by jury is hereby demanded as to all counts.

Respectfully submitted,

Christopher J. Hickey, Esq. (0065416)
MCDERMOTT & HICKEY, LLC
20525 Center Ridge Road, Suite 200
Rocky River, OH 44116
Telephone: (216) 712-7452
Email: chip@mcdermotthickeylaw.com

Attorney for Plaintiffs