UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Harold Brucker, et al.,                                          Case No. 3:16 cv 206

                        Plaintiffs

            v.                                                   MEMORANDUM OPINION


CBS Corporation, et al.,

                        Defendants

### BACKGROUND

This is one of two cases commenced by Plaintiffs which arise out of Plaintiff Harold

Brucker's diagnosis of malignant mesothelioma.

    On December 7, 2015, Harold and Christine Brucker commenced suit against twenty-two

defendants in the Superior Court of California, County of Alameda.  *Brucker, et al. v. Abestos*

*Companies, et al*, Case No. RG14795754.  Three days later, on December 10, 2015, Mr. and Mrs.

Brucker initiated the instant litigation in the Court of Common Pleas, Lucas County, Ohio against

sixteen defendants.

    On January 28, 2016, Defendants removed the instant litigation to federal court.  (Doc. No.

1).

    This matter comes before me on Defendant Warren Pumps LLC's motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(7).  (Doc. No. 14).  Also before me are Plaintiffs' opposition (Doc.

No. 15), and a reply filed by Defendant Weir Valves & Controls USA, Inc. dba Atwood & Morrill

Co., Inc.  (Doc. No. 26).  For the reasons stated below, the motion to dismiss is denied.

**DISCUSSION**

A motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(7) necessarily implicates Rule 19, joinder of an indispensable party.  Although Defendants moved for dismissal pursuant to the Ohio Rules of Civil Procedure 12(B)(7), it also is tied to Ohio Civ. R. 19, which is based in large part on the language of the  federal rule.  Ohio Civ. R. 19 (Staff Notes).  As there is little difference between the Ohio and Federal Rules, the analysis is similar and the outcome the same.

The party moving for dismissal under Rule 12(b)(7) bears the burden of showing the absent person should be joined under Rule 19. *Meta v. Target Corp.*, 74 F.Supp.3d 858, 866 (N.D. Ohio 2015);  2 James Wm. Moore, Moore's Federal Practice ¶ 12.35 (3d ed. 2015).   The analysis established by the Sixth Circuit addresses whether a case should proceed in the absence of a particular party as follows:

> Assessing whether joinder is proper under Rule 19 is a three-step process. *See* 4 James Wm. Moore et al., *Moore's Federal Practice,* § 19.02[3][a], at 19–17 (3d ed. 2003) ("The compulsory party joinder inquiry is a three-step process."); 7 *Federal Practice & Procedure* § 1604, at 39–40 (describing a three-step process); *W. Md. Ry. Co. v. Harbor Ins. Co.,* 910 F.2d 960, 961 (D.C.Cir.1990) (Thomas, J.) ("When a party to a federal lawsuit moves to join a nonparty resisting joinder, the district court must answer three questions: ... Is the absentee's presence necessary? If the absentee's presence is necessary, is her joinder feasible? If the absentee's joinder is not feasible, is she indispensable?"); *cf. Local 670, United Rubber Workers v. Int'l Union, United Rubber Workers,* 822 F.2d 613, 618 (6th Cir.1987) ("*Local 670* ") (describing a similar three-part test when a question of personal jurisdiction may make the joinder of a person unfeasible). First, the court must determine whether the person or entity is a necessary party under Rule 19(a). *See Temple v. Synthes Corp.,* 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (establishing that Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. *W. Md. Ry. Co.,* 910 F.2d at 961 ("If the absentee should be joined, can the absentee be joined?"); 4 *Moore's Federal Practice* § 19.02[3][b], at 19–18 ("If the absentee is necessary ... the next question is whether joinder of the absentee is feasible."). Third, if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. *W. Md. Ry. Co.,* 910 F.2d at 961 ("If the absentee cannot be joined, should the lawsuit proceed without [him or] her nonetheless?"); 4 *Moore's Federal Practice* § 19.02[3][c], at 19–20 ("Once a necessary absentee's joinder is found infeasible, the court has only two

options: to proceed or dismiss."). Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder *cannot* be effected, and (3) the court determines that it will *dismiss the pending case* rather than proceed in the case without the absentee." 4 *Moore's Federal Practice* § 19.02[3][c], at 19–22.

*Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004).  (Emphasis in original).

The first question for consideration is whether the California defendants are necessary parties under Rule 19.  Germane to this discussion is whether in the absence of the California defendants, complete relief cannot be accorded among those already parties.  Determination of this first question is dispositive of the motion.

The Supreme Court noted that "[i]t has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes Corp. Ltd.*, 498 U.S. 5, 7 (1990).  (Citations omitted).

Here, the Defendants argue the California defendants are necessary because it impacts the current defendants' ability, in the present litigation, to fully and adequately defend themselves under Ohio's apportionment of fault statute.  Ohio Rev. Code § 2307.22-24.  A similar argument was rejected by the Sixth Circuit in *Laethem Equipment Co. v. Deere & Co.*, 485 Fed. Appx. 39 (6th Cir. 2012), albeit considering a similar apportionment statute under Michigan law.  As noted by the Sixth Circuit, "[c]omplete relief is determined as between persons already parties, 'and not as between a party and the absent person whose joinder is sought.'" *Id.* at 44.

Moreover, Defendants have failed to meet their burden as it pertains to identifying the necessary party, the location of that party, and whether there is jurisdiction over that party.  *Meta v. Target Corp.*, 74 F.Supp. at 866.  While the Defendants raise concerns about parallel discovery in two different jurisdictions, that is a topic best addressed at a pretrial conference.

## Conclusion

Accordingly, the Defendants' motion to dismiss (Doc. No. 14) is denied.


So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
