IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **CHRISTINE BRUCKER**, Individually and as Personal Representative of the Estate of **HAROLD BRUCKER,** Deceased, ) ) ) | CASE NO.: 3:16-cv000206-JJH |
| Plaintiffs, ) | JUDGE: JEFFREY J. HELMICK |
| vs. ) | |
| **CRANE CO.** ) | SECOND AMENDED COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH |
| **METROPOLITAN LIFE INSURANCE CO.** ) | |
| **RED SEAL ELECTRIC COMPANY** ) | |
| **VIAD CORPORATION** f/k/a The Dial Corporation (sued Individually and as Successor-in-Interest to Griscom Russell ) ) ) | |
| **WARREN PUMPS LLC** ) | |
| **JOHN DOES 1-10** Manufacturers, Sellers, Suppliers, et al. ) ) | |
| Defendants. ) | |

## FACTUAL BACKGROUND

1. Plaintiff, CHRISTINE BRUCKER, Individually and as Personal Representative of the Estate of HAROLD BRUCKER**,** Deceased resides in Toledo, Ohio.

2. Decedent, Harold Brucker and Plaintiff Christine Brucker, are husband and wife.

3. Defendant corporations and companies or their predecessors-in-interest (hereinafter collectively, "Defendants") reside in this County, and/or maintain offices in this County, and/or have agents in this County, and/or have done and are doing business in this County.

4. Defendants, at all times relevant and pertinent hereto, were or are miners, millers, manufacturers, fabricators, designers, formulators, creators, makers, processors, distributors, importers, converters, compounders, or merchants of asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

5. Defendants, acting through their servants, employees, agents, and representatives, caused asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products be placed in the stream of commerce to which Decedent Harold Brucker was exposed during his employment.

6. Decedent Harold Brucker continuously worked with and was exposed to the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products mined, manufactured, processed, imported, converted, compounded or sold by Defendants.

7. During the course of his employment, Decedent Harold Brucker was exposed to Defendants' asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which exposure directly and proximately caused Decedent Harold Brucker to contract mesothelioma.

8. The real names and addresses of Defendants John Does 1-10 have not been determined despite reasonable efforts of the Plaintiffs to do so.

## COUNT I

9. Plaintiffs re-allege paragraphs 1 through 8 above as if fully rewritten herein.

10. Defendants negligently produced, sold or otherwise put into the stream of commerce asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products, which the Defendants knew or in the exercise of ordinary care, ought to have known, were deleterious and highly harmful to Decedent Harold Brucker's health.

11. As the designer, developer, manufacturer, distributor and seller of the above-described asbestos and asbestos-containing products, and/or machinery requiring the use of asbestos and/or asbestos-containing products, Defendants owed a duty to foreseeable users and handlers of said products, to use ordinary care in designing, manufacturing, marketing and selling said products in such a manner as to render them safe for their intended and foreseeable users.

12. Defendants negligently gave inadequate warning or instruction during and after the time of marketing in that Defendants knew or in the exercise of reasonable care should have known about the risks associated with its products and failed to provide reasonable and/or adequate warning or instructions in light of the likelihood that the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Decedent Harold Brucker.

13. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, has suffered the injuries, damages and subsequent death, as set forth herein.

## COUNT II

14. Plaintiffs re-allege paragraphs 1 through 13 above as if fully rewritten herein.

4 | P a g e

15. Although Defendants knew or in the exercise of ordinary care ought to have known that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were deleterious, and highly harmful to Decedent Harold Brucker's health, Defendants nonetheless:

>   a) Failed to advise or warn Decedent Harold Brucker of the dangerous characteristics of their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

>   b) Failed to provide Decedent Harold Brucker with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if any, to protect Decedent Harold Brucker from being harmed by exposure to asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products;

>   c) Failed to place any warnings on containers of said asbestos and asbestos-containing products alerting Decedent Harold Brucker of the dangers to health caused by contact with asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and

>   d) Failed to take reasonable precautions or to exercise reasonable care to publish, adopt and enforce a safety plan and/or a safe method of handling and installing asbestos and asbestos-containing products, or utilizing the machinery requiring the use of asbestos and/or asbestos-containing products in a safe manner.

16. Defendants' products were defective due to inadequate warning or instruction during and after the time of marketing in that Defendants knew, or in the exercise of reasonable care, should have known about the risks associated with their products and failed to provide reasonable and/or adequate warning or instructions in light of the likelihood that the asbestos,

asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products would cause serious physical harm to Decedent Harold Brucker.

17. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, suffered the injuries, damages and subsequent death as set forth herein. Defendants are therefore, liable, to Plaintiff in strict liability for its failure to warn at common law and pursuant to R.C. 2307.71 et seq.

**COUNT III**

18. Plaintiffs re-allege paragraphs 1 through 17 above as if fully rewritten herein.

19. Defendants failed to design, manufacture, market, distribute and sell asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable uses.  By way of example and not limitation, Defendants:

> a) Failed to design, develop, manufacture and test the asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products in such a manner as to render them safe for their intended and foreseeable users, when Defendants knew or should have known that the foreseeable use or intended purpose of its products was by persons, specifically Decedent Harold Brucker, who worked with and around said products;

> b) Marketed and sold said products while the same was in an inherently and unreasonably dangerous and defective condition, presenting an ultra-hazardous risk to Decedent Harold Brucker's well-being;

> c) Failed to recall or attempt to repair the defective products when Defendants were and had been aware of the propensity of said products to injure Decedent Harold Brucker; and

      d)      Failed to properly test said products to ensure that they were reasonably safe for use throughout their product lifetime.

20. Defendants violated the requirements of §402(A) of the <u>Restatement of Torts</u>, 2d, as adopted by the Supreme Court of the State of Ohio, all of which proximately resulted in Decedent Harold Brucker's asbestos-related disease and subsequent death.

21. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, suffered the injuries, damages and subsequent death as set forth herein, therefore, Defendants are liable, to Decedent Harold Brucker in strict liability for defective design and manufacture and/or marketing, distributing and selling a defective product at common law and pursuant to R.C. 2307.71 <u>et</u> <u>seq</u>.

## **COUNT IV**

22. Plaintiffs re-allege paragraphs 1 through 21 above as if fully rewritten herein.

23. Defendants impliedly warranted that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were of good and merchantable quality and fit for the ordinary purposes for which the products are used.

24. Decedent Harold Brucker worked in close proximity to the asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products of the Defendants, and Decedent Harold Brucker's presence was known, or ought to have reasonably been anticipated by the Defendants.

25. The implied warranty made by the Defendants that their asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products were of merchantable quality and fit for their particular intended use was breached in that certain harmful matter was given off into the atmosphere where Decedent Harold Brucker worked.

26. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, suffered the injuries, damages and subsequent death, as set forth herein.

**COUNT V**

27. Plaintiffs re-allege paragraphs 1 through 26 above as if fully rewritten herein.

28. Plaintiff Christine Brucker, Decedent Harold Brucker's wife, has suffered injuries in her own right, namely, the loss of consortium as a direct and proximate result of Defendants' acts and omissions for which Defendants are liable.

**COUNT VI**

29. Plaintiffs re-allege paragraphs 1 through 28 above as if fully rewritten herein.

30. Defendants, since 1929 have possessed medical and scientific data which clearly indicates that asbestos fibers and asbestos-containing products are hazardous to one's health. Defendants, prompted by pecuniary motives, individually and collectively, ignored and intentionally failed to act upon said medical and scientific data and conspired with other asbestos containing manufacturers, miners, distributors and sellers to deprive the public, and particularly the users of their products, including Decedent Harold Brucker of said medical and scientific data, and therefore deprived Plaintiff of the opportunity of free choice as to whether or not to

expose himself to Defendants' asbestos and asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products; and further, Defendants willfully, intentionally and wantonly failed to warn Decedent Harold Brucker of the serious bodily harm which would result from the inhalation of the asbestos fibers and the dust from their products.

31. Decedent Harold Brucker reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos, asbestos-containing products and/or machinery requiring the use of asbestos and/or asbestos-containing products.

32. The award for this Count should be in such an amount as would act as a deterrent to Defendants and others from the future commission of like offenses and wrongs.

33. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, has suffered the injuries, damages and subsequent death, as set forth herein.

## COUNT VII

34. Plaintiffs re-allege paragraphs 1 through 33 above as if fully rewritten herein.

35. Defendants, and other asbestos manufacturers, distributors and sellers collectively and individually, manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied delivered, and promoted asbestos-containing products which were generically similar and fungible in nature and place such material into the stream of interstate commerce.

36. Decedent Harold Brucker, through no fault of his own, may not be able to identify all of the manufacturers, marketers, sellers, distributors, or promoters of asbestos containing products to which he was exposed due to the generic similarity and fungible nature of such products as produced and promoted by Defendants.

37. Defendants are liable to the Decedent Harold Brucker for the injuries and damages sustained by Decedent Harold Brucker, by virtue of industry-wide liability, enterprise liability.

38. (a) Alternatively, Defendants constitute a substantial share of the asbestos-containing product market where Decedent Harold Brucker worked and was exposed to asbestos.

(b) Defendants manufactured, designed, selected, assembled, inspected, tested, maintained for sale, marketed, distributed, sold, supplied, delivered, and promoted asbestos-containing products of the kind and nature to which Plaintiff Harold Brucker was exposed during the period of his employment.

39. Defendants are liable to Decedent Harold Brucker based upon its pro-rata market share within the market described herein.

40. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, has suffered injuries, damages and subsequent death, as set forth herein.

**COUNT VIII**

41. Plaintiffs re-allege paragraphs 1 through 40 above as if fully rewritten herein.

42. Defendants' actions, as stated herein, constitute a flagrant disregard for the rights and safety of Decedent Harold Brucker and by engaging in such actions, Defendants acted with

fraud, recklessness, willfulness, wantonness and/or malice and should be held liable in punitive and exemplary damages to Decedent Harold Brucker.

43. Decedent Harold Brucker, as a direct and proximate result of Defendants' conduct, has suffered injuries, damages and subsequent death, as set forth herein.

## COUNT IX

44. Plaintiffs re-alleges paragraphs 1 through 43 above, as if fully rewritten herein.

45. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent Harold Brucker incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care and/or other expenses in an amount not yet determined.

46. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent Harold Brucker suffered lost wages, a progressive loss of earning capacity, and other economic damages during his lifetime.

47. As a direct and proximate result of the acts and omissions of Defendants complained of herein, Decedent Harold Brucker has suffered the injuries, damages and subsequent death, as set forth herein.

## COUNT X

48. Plaintiffs re-allege paragraphs 1 through 47 above as if fully rewritten herein.

49. Defendants were the supplier and seller of asbestos containing products manufactured by entities that have asserted insolvency.

50. As prescribed by Ohio Revised Code Section 2307.78, Defendants as suppliers, sellers or distributors of asbestos containing products manufactured by an entity that has asserted insolvency, are liable to Decedent Harold Brucker based upon product liability claims under

Ohio Revised Code Sections 2307.71 to 2307.77, as if they were the manufacturer of asbestos containing products.

51. As a direct and proximate result of the acts and omissions of Defendant complained of herein, the next-of-kin of Decedent have suffered compensatory damages by reason of the death of Decedent from Mesothelioma, including loss of support from the reasonably expected earning capacity of Decedent; loss of services; loss of society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training and education; loss of prospective inheritance; mental anguish; and all other damages available at law.

52. Plaintiff, as Executor of Decedent's Estate, has incurred reasonable funeral and burial expenses.

**COUNT XI**

53. Plaintiffs re-allege paragraphs 1 through 52 above as if fully rewritten herein.

54. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Decedent Harold Brucker's injuries, diseases and illnesses by exposing Decedent Harold Brucker to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Decedent Harold Brucker of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers.

Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

55. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a) for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b) despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1) withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases from Decedent Harold Brucker who was using and being exposed to

        Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

   (2)   caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

   (3)   distorted the results of medical examinations conducted upon workers such as Decedent Harold Brucker who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Decedent Harold Brucker and workers such as Decedent Harold Brucker has suffered.

(c)   Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia*, that asbestos did not cause cancer

and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d) In addition, Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Harold Brucker from contracting asbestos disease or cancer.

(e) In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Harold Brucker even if complied wit

(f) As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce Decedent Harold Brucker to rely upon said false and fraudulent

representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

56. Decedent Harold Brucker reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

57. As a direct and proximate result of Decedent Harold Brucker's reliance on Defendants' false and fraudulent representations, omissions and concealments, Decedent Harold Brucker sustained damages including injuries, illnesses and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

WHEREFORE, Plaintiff, as a direct and proximate result of the negligence and other conduct of each Defendant, has suffered and will continue to suffer great pain and severe mental anguish.

Decedent Harold Brucker, as a direct and proximate result of the negligence of other conduct of Defendant, has incurred expenses for medical, and/or hospital, and/or pharmaceutical, and/or surgical care.

Plaintiff, as a direct and proximate result of the negligence and other conditions of Defendants, has suffered economic damages and will continue to suffer them throughout her lifetime.

The aforesaid acts and/or omissions of Defendants were wanton and willful and in reckless disregard of the safety of Plaintiff and Decedent Harold Brucker.

Plaintiff demands judgment against Defendants jointly and severally in an amount in excess of Twenty-five Thousand Dollars ($25,000.00) and an amount for punitive damages, plus interest, costs and such further relief to which Plaintiffs may be entitled.

A trial by jury is hereby demanded as to all counts.

Dated: December 21, 2017         Respectfully submitted,


*/s./ Christopher J. Hickey*
Christopher J. Hickey, Esq. (0065416)
**MCDERMOTT & HICKEY, LLC**
20525 Center Ridge Road, Suite 200
Rocky River, OH 44116
Telephone: (216) 712-7452
Email:  chip@mcdermotthickeylaw.com

**DEAN OMAR & BRANHAM, LLP**
David W. Henderson TX Bar No. 24032292)- To Be Admitted PHV
Rachel C. Moussa- (TX Bar No. 24070404) Admitted PHV
302 Market St., Suite 300
Dallas, Texas 75202
(214) 722-5990 (Office)
(214) 722-5991 (Fax)
dhenderson@dobllp.com
**ATTORNEYS FOR PLAINTIFF**