UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Harold Brucker, et al.,                                  Case No. 3:16-cv-206

        Plaintiffs

    v.                                                MEMORANDUM OPINION

CBS Corporation, et al.,

        Defendants

## I.    INTRODUCTION

Defendant Crane Co. moves for summary judgment on all claims asserted against it. (Doc. No. 95). Remaining Plaintiff Christine Brucker filed a memorandum in opposition, (Doc. No. 98), and Crane replied, (Doc. No. 103).

## II.    BACKGROUND

While serving in the Navy from 1960 to 1967, Harold Brucker was exposed to asbestos aboard the USS Salisbury and the USS John R. Craig. Many years later, in 2015, Mr. Brucker was diagnosed with pleural mesothelioma likely due to his exposure.[1] On January 28, 2016, he filed suit against several manufacturers of products to which he was exposed during his service, products which he alleged contained asbestos. Crane was one of these manufacturers.

## III.    STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

---

[1] Mr. Brucker succumbed to his illness on April 23, 2016.

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25.

Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)). It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## IV. DISCUSSION

Crane moves for summary judgment of the maritime law[2] strict liability and negligence claims. For these claims to survive summary judgment, Plaintiff must show: "(1) [Harold Brucker] was exposed to [Crane's] product, and (2) the product was a substantial factor in causing the injury he suffered." *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005).

Crane cannot be held liable for asbestos-containing products "attached or connected" to its product which it neither made nor sold. *Id.* at 495 (quoting *Stark v. Armstrong World Indus., Inc.*, 21 F. App'x 371, 381 (6th Cir. 2001)). Although Plaintiff urges me to apply one of the fact-specific standards used by other courts to this bare-metal defense, the Sixth Circuit's bright-line rule is controlling here. *See, e.g., Stallings v. Georgia-Pacific Corp.*, No. 3:12-cv-724, 2015 WL 7258518, at *4-*5

---

[2] The parties agree that maritime law governs here. (Doc. No. 98 at 20).

(W.D. Ky. Nov. 15, 2015); *see also In re: Asbestos Prods. Liab. Litig. (No. VI)*, 873 F.3d 232, 235, 239 (3d. Cir. 2017) (distinguishing the bright-line rule applied by courts such as the Sixth Circuit from fact-specific standards applied by other courts).

In this case, Plaintiff sets forth no evidence to raise Harold Brucker's possible exposure to Crane asbestos-containing products to anything more than a "metaphysical doubt." Further, Plaintiff makes no attempt to prove exposure to *Crane* asbestos-containing products was a substantial factor in causing Harold Brucker's mesothelioma. *See Lindstrom*, 424 F.3d at 492 ("[A] mere showing that defendant's product was present somewhere at plaintiff's place of work is insufficient. Rather, where a plaintiff relies on proof of exposure to establish that a product was a substantial factor in causing injury, the plaintiff must show a high enough level of exposure that an inference that the asbestos was a substantial factor in the injury is more than conjectural.") (internal quotation marks and citations omitted). Thus, because Plaintiff cannot establish Harold Brucker was exposed – much less *substantially* exposed – to asbestos-containing products manufactured or distributed by Crane, summary judgment must be awarded to Crane.

## V. CONCLUSION

For the foregoing reasons, Crane's motion for summary judgment is granted.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge